## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN R. JOYCE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 5467 |
| | ) | |
| **TRANS UNION, LLC**, and | ) | |
| **CORELOGIC CREDCO, LLC**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

This action has been transferred to this District Court from the District Court for the

Eastern District of Pennsylvania, and this District Court's computerized random assignment

system has placed the case on this Court's calendar. In this era of electronic filing that transfer

involved no transfer of physical filings in the case, so that this Court has necessarily drawn its

information from a docket printout and has also printed out copies of plaintiff John Joyce's

Complaint [Dkt. No. 1] and the Answer of the sole remaining defendant, CoreLogic Credco,

LLC ("Credco") [Dkt. No. 9]. This memorandum order is principally issued to apprise counsel

for the parties of some procedures followed in this judicial district and by this Court individually.

This district's LR 5.2(f) specifies that a paper copy of every filing in a case, even

electronic filings, must be provided for the assigned judge within one business day unless the

judge determines that a paper copy is not required. That provision stems from the entire court's

adoption of a "dealer's choice" system, under which the decision whether to call for such paper

copies is left to the individual judge. For its part, this Court has continued to opt for such paper copies (a requirement emphasized in the opening entry in this Court's website).

As to counsel for the litigants, any out-of-district lawyer must of course apply for pro hac vice admission and should communicate with the Clerk's Office for that purpose. LR 83.15(a) requires the designation of a member of the bar of this Court having an office within this district as local counsel, but that does <u>not</u> require the active participation of local counsel (let alone requiring local counsel to serve as lead counsel) -- to the contrary, that requirement is really a matter of administrative convenience in light of the historical difference in notice requirements between personal service and mail service (counsel should become familiar with LR 83.15(c) and LR 5.3).

Although this Court had originally expected this memorandum order to be limited to what has already been covered plus the setting of an initial status hearing, the printout of Credco's Answer has revealed a generally obstructionist approach to the task of pleading, really out of synch with the underlying concept of notice pleading that seeks to apprise the other party of just what is and what is not in issue -- an approach exemplified as to complaints by the <u>Twombly</u>-<u>Iqbal</u> canon. Accordingly some problematic aspects of the Answer will be dealt with before this order turns to setting the status hearing.

First, Credco's counsel obviously believes that any complaint allegation that might be labeled a "legal conclusion" (a label to which Credco's counsel gives an unduly broad sweep) does not call for an answer. Not so -- see App'x ¶ 2 to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly the first sentences of each of Answer ¶¶ 2, 20, 21, 30, 32 and 33 are stricken, as is the second sentence of Answer ¶ 19. As for Answer ¶¶ 29 and 31, they are stricken in their totality because those paragraphs

also contain what seems to be unsupportable Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers and must therefore be repleaded.[1]

Next, Credco's counsel has coupled each Rule 8(b)(5) disclaimer with the phrase "which are accordingly denied." But it is of course oxymoronic for a party to assert (presumably in the subjective and objective good faith required by Rule 11(b)) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of Answer ¶¶ 1, 4 through 18 and 29 through 33.

Lastly as to Credco's current pleading, its laundry list of no fewer than 13 purported affirmative defenses is ill-considered in a number of respects. In that regard generally, see App'x ¶ 5 to <u>State Farm</u>. This Court will not lengthen this memorandum order unduly by providing Credco's counsel with a chapter-and-verse critique, but it may spend some minutes during the initial status hearing in identifying in a more particularized fashion the flawed ADs (which are regrettably reflective of counsel's generally obstructive approach to the pleading process).

Finally, the initial status hearing is set for 8:45 a.m. (Chicago time) on July 9, 2015. If any out-of-district lawyer understandably wishes to participate telephonically rather than travel to Chicago for what should be a very brief initial session, that information should be provided to this Court's courtroom deputy (312-435-5767) at least a few working days in advance of the status hearing. This Court's courtroom deputy will be responsible for placing the telephone call, but if more than one out-of-district lawyer wishes to participate telephonically the lawyers

---

[1] This memorandum order will simply disregard the similar flaws in Answer ¶¶ 22 through 27, all of which are part of Complaint Count I, which is advanced solely against now-dismissed codefendant Trans Union, LLC and not against Credco.

should make advance arrangements for conference call handling, so that the courtroom deputy needs to place just one call.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 29, 2015